UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GERALD GEORGE, Individually and For Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LARSON DESIGN GROUP, INC.,<br><br>Defendant. | Case No. 2:22-cv-71<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Gerald George (George) brings this lawsuit to recover unpaid overtime wages and other damages from Larson Design Group, Inc. (Larson) under the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. George worked for Larson as an inspector.

3. George worked for Larson in excess of forty (40) hours each week.

4. But Larson did not pay George overtime.

5. Instead of paying overtime as required by the FLSA, Larson paid George and the Putative Class Members (defined below) the same hourly rate for all hours worked, including those in excess of 40 hours in a single week (or, "straight time for overtime").

6. The allegations made herein are applicable to George and the other Larson workers who were paid straight time for overtime.

7. This class and collective action seeks to recover the unpaid overtime wages and other damages owed to George and the Putative Class Members and Pennsylvania Class Members.

1

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District and Division.

10. Larson has offices located in this District and Division. Specifically, Larson's Pittsburgh (Downtown) office is located at 220 Grant Street, 7th Floor, Pittsburgh, PA 15219; and Larson's Pittsburgh (North) office is located at 3000 Westinghouse Drive, Suite 400, Cranberry Township, PA 16066.[1]

11. Larson's decision-makers are located in, documents are housed in, and human resources representatives are located in Pittsburgh, Pennsylvania in this District and Division. For example, David Martin, President and CEO of Larson Design Group resides in or near Pittsburgh, PA.

12. George performed work for Larson across Pennsylvania, including in this District and Division.

13. George lives in Hunlock Creek, Lycoming County, Pennsylvania.

**THE PARTIES**

14. George worked for Larson from approximately April 2017 until approximately January 2020 as an inspector.

15. While Larson's official title was "project manager," his duties included only those of an inspector.

16. George worked for Larson in Pennsylvania.

17. George's consent to be a party plaintiff is attached hereto as **Exhibit A**.

---

[1] https://www.larsondesigngroup.com/contact/ (last visited January 12, 2022).

18. Throughout his employment, George was paid straight time for overtime.

19. George's hourly rate was approximately $58.00.

20. Larson did not pay George a salary.

21. George brings this action on behalf of himself and all other similarly situated workers who were paid through Larson's straight time for overtime payment system.

22. The similarly situated individuals or putative class members sought to be certified is defined as follows:

> **All current and former employees of Larson Design Group, Inc. who were paid straight time for overtime in the past three (3) years.** ("FLSA Class Members").

23. George also seeks certification of a class under Fed. R. Civ. P. 23, defined as follows:

> **All current and former employees of Larson Design Group, Inc. who worked in or were based out of Pennsylvania while working for Larson, who were paid straight time for overtime in the past three (3) years.** ("Pennsylvania Class Members").

24. The FLSA Class Members and Pennsylvania Class Members are collectively referred to as the Putative Class Members.

25. Larson is a Pennsylvania Corporation and can be served with service of process at Larson Design Group, Inc., 1000 Commerce Park Dr., Williamsport, PA 17701.

## COVERAGE UNDER THE FLSA

26. At all times hereinafter mentioned, Larson was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. At all times hereinafter mentioned, Larson was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. At all relevant times, Larson has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

29. At all relevant times, Larson has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

30. In each of the past 3 years, Larson's annual gross volume of sales has well exceeded $1,000,000.

31. At all relevant times, Larson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

32. Larson uniformly applied its policy of paying its employees, including George, straight time for overtime.

33. Larson applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

34. By paying its employees straight time for overtime, Larson violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

35. As a result of this policy, George and the Putative Class Members do not receive overtime as required by the FLSA.

36. Larson's uniform compensation scheme of paying certain employees straight time for overtime in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

37. Larson is in the business of "delivering a wide range of services for diverse commercial spaces that facilitate business." [2]

---

[2] https://www.larsondesigngroup.com/markets-services/ (last visited January 12, 2022).

38. Larson's business includes professional consulting in a range of markets, including commercial, community, education, energy, federal, healthcare, light industrial, retails, state & local government, transportation, and water/wastewater.[3]

39. Larson's services cover the various phases of design, planning, and construction.[4]

40. Larson employs personnel (like George) to perform its design, planning, and construction services.

41. Many of these individuals worked for Larson on straight time for overtime basis.

42. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices (straight time for overtime).

43. George and the Putative Class Members work or worked for Larson under its straight time for overtime pay scheme.

44. George and the Putative Class Members do not receive a salary.

45. If George and the Putative Class Members did not work, they did not get paid.

46. George and the Putative Class Members received the same hourly rate for all hours worked.

47. George and the Putative Class Members do not receive overtime pay.

48. This is despite the fact George and the Putative Class Members often work 10 or more hours a day, for 6 to 7 days a week, for weeks at a time.

49. For example, George received the same hourly rate for each hour he worked for Larson.

50. Although George and the Putative Class Members typically worked 6 to 7 days a week, for 10 or more – sometimes, 12, 14, 16, or 18 hours each day, they did not receive overtime pay.

---

[3] *Id.*
[4] *Id.*

51. George and the Putative Class Members are not employed on a salary basis.

52. George and the Putative Class Members do not, and never have, received guaranteed weekly compensation from Larson irrespective of the hours worked (i.e., the only compensation they receive is the hourly rate they are assigned).

53. George's working relationship with Larson is similar to Larson's relationship with its other Putative Class Members.

54. Larson knew George and the Putative Class Members worked more than 40 hours in a week.

55. Larson knew, or showed reckless disregard for, whether George and the Putative Class Members were entitled to overtime under the FLSA.

56. Nonetheless, Larson failed to pay George and the Putative Class Members overtime.

57. Larson willfully violated the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

58. George incorporates all previous paragraphs and alleges that the illegal pay practices Larson imposed on George were likewise imposed on the Putative Class Members.

59. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

60. Numerous other individuals who worked with George indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

61. Based on his experiences and tenure with Larson, George is aware that Larson's illegal practices were imposed on the Putative Class Members.

62. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

63. Larson's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

64. George's experiences are therefore typical of the experiences of the Putative Class Members.

65. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

66. George has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, George has an interest in obtaining the unpaid overtime wages owed to him under federal and state law.

67. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Larson will reap the unjust benefits of violating the FLSA and PMWA.

69. Furthermore, even if some of the Putative Class Members could afford individual litigation against Larson, it would be unduly burdensome to the judicial system.

70. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Putative Class Members' rights were violated as a result of Larson's straight time for overtime pay plan;

    b. Whether Larson's straight time for overtime pay plan was made in good faith;

    c. Whether Larson's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d.  Whether Larson's decision to not pay a salary to the Putative Class Members was made in good faith;

   e.  Whether Larson's violation of the FLSA and/or PMWA was willful; and

   f.  Whether Larson's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

71. George and the Putative Class Members sustained damages arising out of Larson's illegal and uniform employment policy.

72. George knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class and collective treatment.

## CAUSES OF ACTION

### I. FLSA VIOLATIONS

74. By failing to pay George and those similarly situated to him overtime at one-and-one-half times their regular rates, Larson violated the FLSA's overtime provisions.

75. Larson owes George and those similarly situated Putative Class Members the difference between the rate actually paid (straight time) and the proper overtime rate for all overtime hours worked.

76. Because Larson knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Larson owes these wages for at least the past three years.

77. Larson did not comply with the FLSA in good faith.

78. Larson did not have a subjective believe that it was complying with the FLSA.

79. Larson did not have objective reasons to believe it was complying with the FLSA in good faith.

80. Larson never investigated its pay practice.

81. Larson was aware of other FLSA lawsuits involving straight time for overtime.

82. Larson made no changes to its pay practice over the past 5 years.

83. Larson is liable to George and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

84. George and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### LARSON RECKLESSLY DISREGARDED ITS FLSA OBLIGATIONS

85. Larson was aware of the requirements of the Fair Labor Standards Act.

86. Larson did not investigate the legality of its classification of George and the Putative Class Members as exempt from overtime pay.

87. Larson did not review the job descriptions of George and the Putative Class Members.

88. Larson did not conduct any time studies of the exempt and non-exempt job duties performed by George and the Putative Class Members.

89. Larson was aware of George and the Putative Class Members' job duties.

90. Larson was aware of George and the Putative Class Members' primary duties.

91. Larson was aware of George and the Putative Class Members' hours worked.

92. Larson was aware George and the Putative Class Members worked in excess of forty hours in a workweek.

93. Larson recklessly disregarded its FLSA obligations and misclassified George and the Putative Class Members as exempt from overtime pay.

## II.   PMWA Violations

94. George brings this claim under the PMWA as a Rule 23 class action.

95. Larson is subject to the overtime requirements of the PMWA because Larson is an employer under 43 P.S. § 333.103(g).

96. During all relevant times, George and the Pennsylvania Class Members were covered employees entitled to the above-described PMWA's protections. See 43 P.S. § 333.103(h).

97. Larson's compensation scheme that is applicable to George and the Pennsylvania Class Members failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

98. At all relevant times, Larson was subject to the requirements of the PMWA.

99. At all relevant times, Larson employed George and each Pennsylvania Class Member as an "employee" within the meaning of the PMWA.

100. The PMWA requires employers like Larson to pay employees at 1½ times the regular rate of pay for hours worked in excess of 40 hours in any one week.

101. George and each Pennsylvania Class Member are entitled to overtime pay under the PMWA.

102. George and each Pennsylvania Class Member seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

103. George and each Pennsylvania Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Larson, as provided by the PMWA.

### Jury Demand

104. George demands a trial by jury.

**PRAYER**

WHEREFORE, George prays for judgment against Larson as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Larson liable for unpaid back wages due to George and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. An Order certifying a Rule 23 class action on behalf of current and former employees working for or on behalf of Larson in Pennsylvania, and/or who were based out of Pennsylvania while working for Larson, who were paid the same hourly rate for all hours worked at any time during the last 3 years;

d. For an Order awarding George and the Putative Class Members their costs of this action;

e. For an Order awarding George and the Putative Class Members their reasonable attorneys' fees and expenses as provided by the FLSA;

f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Andrew W. Dunlap*
   **Michael A. Josephson**
   PA Bar 308410
   **Andrew W. Dunlap**
   Texas Bar 241078444
   **Rochelle D. Prins\***
   AZ Bar 031393
   **JOSEPHSON DUNLAP LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   713-352-1100 – Telephone
   713-352-3300 – Facsimile
   mjosephson@mybackwages.com
   adunlap@mybackwages.com
   rprins@mybackwages.com
   \* *Pro Hac Vice application forthcoming*

   **Richard J. (Rex) Burch**
   Texas Bar No. 24001807
   **BRUCKNER BURCH PLLC**
   11 Greenway Plaza, Suite 3025
   Houston, Texas 77046
   713-877-8788 – Telephone
   713-877-8065 – Facsimile
   rburch@brucknerburch.com

   **AND**

   **Joshua P. Geist**
   PA Bar 85745
   **GOODRICH & GEIST PC**
   3634 California Ave.
   Pittsburgh, Pennsylvania 15212
   412-766-1455 – Telephone
   412-766-0300 – Facsimile
   josh@goodrichandgeist.com

   **ATTORNEYS IN CHARGE FOR PLAINTIFF**